DAUKSCH, Judge,
dissenting.
I respectfully dissent.
Appellants leased land to appellee and ap-pellee defaulted. The issue is damages; I agree with appellants who claim they are entitled to a greater award.
The lease contained the following provisions, inter alia.
Rent schedule — Tenant agrees to pay landlord as annual base rent during the first year of the lease period the sum of $35,-000.00 to be paid in monthly installments of $2,916.67. The annual base rent will increase by [see below] percent each year over the previous year’s base rent. As additional rent, tenant agrees to pay their pro rata share of those expenses as outlined in paragraph 7B of the lease agreement.
*1253 Rent schedule: Year one $35,000.00 per year
Year two $50,000.00 per year, plus percentage rent.
Year three through twenty-nine, four percent annual increases based on year two minimum rent, plus percentage rent.
Percentage rent: As additional clarification to paragraph 7 of the lease agreement, please note:
In addition to the minimum rent to be paid by tenant pursuant to Article IV, tenant shall pay to landlord at the time and in the manner herein specified additional rent in an amount equal to five percent of the amount of tenant’s gross sales made in, upon, or from the premises during each calendar year of the lease term, for sales up to one million five hundred thousand dollars, less the aggregate amount of the minimum rent previously paid by tenant for said calendar year and six percent of sales over and above one million five hundred thousand dollars, less the aggregate amount of the minimum rent for said calendar year.
Percentage rent to begin the second year of the lease period.
Appellee defaulted some months into the first year in which percentage rent would be paid. Because a full calendar year had not passed, the trial court refused, as does the majority here, to award any sum to the lessor in percentage rent upon default.
It is admitted by all that if appellee had not defaulted and the lease had remained in effect for the balance of the calendar year, then appellant would be entitled to the entire calendar year’s percentage rent. The amount due in percentage rent for that period before the default is capable of calculation. Because the lease allows and fairness dictates, I would grant equity to the appellant and award all damages due, including the percentage rent for the portion of the year before default. To do otherwise gives a windfall to a defaulter.
I would also require an award of attorney’s fees to appellants.